UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | ) |
| Plaintiff, | ) |
| v. | ) 2:16-cv-00426-JAW |
| BOBBIE-JO SAUNDERS and WAYNE SAUNDERS, | ) |
| Defendants, and SNOW FLAKE HOLDINGS f/k/a DOWNEAST ENERGY and MAIN STREET ACQUISITION CORP., | ) |
| Parties-in-Interest. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On August 18, 2016, Nationstar Mortgage LLC (Nationstar) filed a foreclosure complaint in this Court against Bobbie-Jo and Wayne Saunders as Defendants and Snow Flake Holdings, f/k/a Downeast Energy (Snow Flake), and Main Street Acquisition Corp. (Main Street)[1] as parties in interest. *Compl.* (ECF No. 1). Nationstar filed proof of service against each respondent on September 13, 2016. *Summons in a Civil Action. Wayne A. Saunders* (ECF No. 4); *Snow Flake Holdings, f/k/a Downeast Energy* (ECF No. 6); *Main Street Acquisition Corp.* (ECF No. 7);

---

[1] Nationstar spells Main Street both as Maine Street and Main Street, and Acquisition both as Acquisitions and Acquisition. *Compare Compl.* ¶ 8 (Main Street Acquisition), *with Mot. for Default J.* at 1 (Maine Street Acquisitions). Main Street was served as Main Street Acquisition, not Maine Street Acquisitions, so the Court assumes the spelling without the "e" and without the "s" is correct. *Main Street Acquisition Corp.* (ECF No. 7).

*Bobbie-Jo Saunders* (ECF No. 9).  On October 6, after the respondents failed to answer the Complaint and upon Nationstar's motion, the Clerk entered default against respondents Bobbie-Jo Saunders, Wayne Saunders, Snow Flake, and Main Street.  *Order Granting Mot. for Entry of Default* (ECF No. 11).  The Magistrate Judge subsequently vacated the entry of default as to Wayne Saunders, and Nationstar's Complaint is proceeding against him in the ordinary course.  *See Def. Wayne A. Saunder's Answer to Pl.'s Compl.* (ECF No. 14); *Pl.'s Mot. to Vacate Entry of Default as to Wayne A. Saunders* (ECF No. 15); *Order Granting Mot. to Set Aside Default* (ECF No. 16); *Scheduling Order* (ECF No. 17).  On November 4, 2016, Nationstar moved for default judgment against the non-responding respondents, Bobbie-Jo Saunders, Snow Flake, and Main Street.  *Pl.'s Mot. for Default J.* (ECF No. 13) (*Pl.'s Mot.*).

In the context of foreclosures, once the Clerk enters a default, the Court is obligated to schedule a hearing to "determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings." 14 M.R.S. § 6322.  If the Court is satisfied that a breach exists, the Court then issues a judgment of foreclosure and sale subject to the right of redemption and also sets forth the amount due and payable under the mortgage so that the mortgagor may effect the redemption.  *Id.*

Nationstar embeds its request for a section 6322 hearing in its motion for default judgment:

> Plaintiff respectfully requests that this Honorable Court enter default judgment as to Defendant, Bobbi-Jo Saunders, and Parties-in-Interest, Snow Flake and [Main] Street.  Plaintiff is also hereby requesting a hearing on the assessment of damages to determine the order of priority and related matters.

*Pl.'s Mot*. at 2.[2]  The Court GRANTS Nationstar's request for a hearing in accordance with 14 M.R.S. § 6322 (ECF No. 13).  The Clerk shall contact Nationstar through counsel to arrange a date, time, and place for the hearing.  Further, the Court ORDERS Nationstar to provide notice to Bobbie-Jo Saunders, Snow Flake Holdings, f/k/a Downeast Energy, and Main Street Acquisition Corp. of the date, time, and place of the hearing to allow them to appear, if they wish to do so, and contest Nationstar's claimed relief.  The Court DEFERS ruling on Nationstar's Motion for Default Judgment (ECF No. 13) until after the hearing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2017

---

[2]  Somewhat confusingly, Nationstar also attaches a proposed "Order on Plaintiff's Motion for Default Judgment" that suggests that the Court will enter default judgment against the non-respondents and then will schedule a hearing to determine the amount of the judgment. *Pl.'s Mot.*, Attach. 3.  To be clear, the Court may not enter judgment against the non-respondents until it has determined the amount of the judgment at the mandatory hearing pursuant to 14 M.R.S. § 6322.

Plaintiff's proposed order also states that it involves 10 South Ridge Drive, Standish, ME 04084, and that the mortgage is dated August 5, 2008, in Book 26280, Page 320.  However, all other filings in this case indicate that the subject property is 39 Drew Street, Lewiston, Maine 04240, and that the mortgage is dated October 16, 2007, in Book 7282, Page 44.  The Court assumes Nationstar's reference to the Standish, Maine property is in error.