UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Nationstar Mortgage LLC**<br><br>　　Plaintiff,<br><br>　　　　vs.<br><br>**Wayne A. Saunders and Bobbie-Jo Saunders**<br><br>　　Defendant.<br><br><br>**Snow Flake Holdings f/k/a Downeast Energy; and**<br>**Main Street Acquisition Corp.**<br><br>　　Parties-In-Interest | CIVIL ACTION NO: 2:16-CV-00426-JAW<br><br><br><br><br>RE:<br>39 Drew Street<br>Lewiston, Maine 04240<br><br>Mortgage:<br>October 16, 2007<br>Book 8282, Page 44 |

**PLAINTIFF'S FINAL PRETRIAL MEMORANDUM**

NOW COMES the Plaintiff, Nationstar Mortgage LLC, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, this is a straight forward foreclosure and related claims action. The Plaintiff stipulates that Plaintiff's relief is limited to in rem relief against the subject property.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendants by certified mail, return receipt requested. An Assignment of the subject mortgage was recently recorded at the Registry of Deeds. Plaintiff will file a Motion to Substitute Federal National Mortgage Association as the new Plaintiff prior to the Final Pretrial

1

Conference scheduled for June 2, 2017.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803 (6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). <u>Northeast Bank & Trust Co. v. Soley</u>, 481 A.2d 1123 (Me. 1984) and <u>Beneficial Maine Inc., v. Carter,</u> 2011 ME 77 (2011).

The facts proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322, and precedent established by, but not limited to, <u>Chase v. Higgins</u>, 2009 ME 136 (2009); <u>H.S.B.C. Bank, as Trustee v. Gabay</u>, 2011 ME 101 (2011); <u>Deutsche Bank Nat'l Trust Co. v. Raggiani</u>, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); <u>Wells Fargo Bank, N.A. v. deBree</u>, 2012 ME 34 (2012); <u>Beneficial Maine Inc., v. Carter,</u> 2011 ME 77 (2011) and <u>Bank of</u> <u>America v. Cloutier</u>, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));
- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;
- a breach of condition in the mortgage, <u>Johnson v. McNeil,</u> 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);

- the amount due on the mortgage note, including any reasonable attorney fees and court costs, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111;  *see* 14 M.R.S. § 6111; and

- the defendants are not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. app. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4)."Chase v. Higgins 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore, it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq.*  A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3).  A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue, and prevail in a foreclosure action.  See Bank of America v. Cloutier, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant. Fed. R. Evid. 902(9).  Rule 902 (9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted […] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law."  Fed. R. Evid. 902(9).  The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money.  Commercial paper—typically existing in

3

the form of a draft (such as a check) or a note (such as a certificate of deposit)—is governed by Article 3 of the [Uniform Commercial Code]." Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*).  There is no question that Article 3 of the Uniform Commercial Code ("UCC"),, as codified in Maine statue, is applicable to the transaction at issue here.  See 11 M.R.S. § 3-1101, *et seq*.; <u>Bank of America, N.A. v. Cloutier,</u> 2013 ME 17 (Me. 2013).  As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents.  Fed. R. Evid. 902(4).  Fed. R. Evid. 902(4) provides that a "they require no extrinsic evidence of authenticity in order to be admitted…a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law…" Fed. R. Evid. 902(4).  As certified copies of public records, the Mortgage and Assignments are self authenticating documents.  See also Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property.  As such, the foundational requirement of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

Therefore, Plaintiff is entitled to a Judgment of Foreclosure and Sale of the subject property.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Wayne A. Saunders and Bobbie-Jo Saunders.

2. Representative of Nationstar Mortgage LLC.

**EXHIBITS:**

1. Promissory Note in the amount of $128,500.00, executed by Wayne A. Saunders and Bobbie-Jo Saunders on October 16, 2007, for the benefit of Countrywide Bank, FSB

2. Mortgage Deed securing the residence located at 39 Drew Street, Lewiston, Maine 04240, executed by Wayne A. Saunders and Bobbie-Jo Saunders on October 16, 2007, for the benefit of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, recorded in the Androscoggin County Registry of Deeds in **Book 7282, 44.**

3. Assignment of Mortgage to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, by virtue of an Assignment of Mortgage April 18, 2011, and recorded in said registry in **Book 8156, Page 145**.

4. Assignment of Mortgage to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated July 10, 2013, and recorded in said Registry in **Book 8726, Page 255.**

5. Quitclaim Assignment to Nationstar Mortgage dated January 8, 2016, and recorded in said Registry in **Book 9293, Page 337.**

6. Assignment of Mortgage to Federal National Mortgage Association dated April 11, 2017, and recorded in said Registry in **Book 9595, Page 329.**

7. Notice of Mortgagor's Right to Cure to Wayne A. Saunders and Bobbie-Jo Saunders dated February 17, 2016.

8. Loan History of subject mortgage.

9. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendant is not in the military.

Dated: May 26, 2017

Respectfully submitted:

/s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915

**CERTIFICATE OF SERVICE**

  I, John A. Doonan, Esq. hereby certify that on May 26, 2017, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

                /s/John A. Doonan, Esq.
                John A. Doonan, Esq., Bar No.: 3250

| | |
|---|---|
| Wayne A. Saunders<br>39 Drew Street<br>Lewiston, ME 04240 | Snow Flake Holdings f/k/a Downeast Energy<br>18 Spring Street<br>Brunswick, ME 04001 |
| Bobbie-Jo Saunders<br>39 Drew Street<br>Lewiston, ME 04240 | Main Street Acquisition Corp.<br>c/o CT Corporation System<br>128 State Street, 3rd Floor<br>Augusta, ME 04330 |